UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NATIONAL ELECTRICAL BENEFIT
FUND and NATIONAL ELECTRICAL
ANNUITY PLAN, trust funds established and
administered pursuant to federal law,
        Plaintiffs,

v.
                                      Case No.

SKF ELECTRICAL CONTRACTING,
INCORPORATED, a Michigan corporation,
        Defendant.
_____/

## COMPLAINT

Plaintiffs herein, National Electrical Benefit Fund ("NEBF") and National Electrical Annuity Plan ("NEAP") (collectively, the "Funds" or "Plaintiffs"), by and through their undersigned attorneys, state for their Complaint against Defendant as follows:

### Parties

1. NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

2. NEAP is a multiemployer employee benefit plan within the meaning of Section (3)(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan pursuant to Section 3(34) of ERISA, 29 U.S.C. § 1002 (34).

3. Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

4. Defendant SKF Electrical Contracting, Incorporated ("SKF Electrical" or "Defendant") is a corporation organized and existing under the laws of the State of Michigan. At all times relevant to this proceeding, it did conduct and does conduct business in this judicial district. Its principal office is located at 10495 Deal Road, Williamsburg, Michigan 49690.

### Common and Jurisdictional Allegations

5. Jurisdiction of this Court is predicated on Section 301 of Labor Management Relations Act ("LMRA") and Sections 502 and 515 of ERISA, 29 U.S.C. § 1132(a)(2), (a)(3), (g)(2) and § 1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("CBAs") entered into (or adopted) between SKF Electrical and various local unions affiliated with IBEW which require periodic reports and fringe benefit contribution payments to be submitted to the Funds by Defendant.

6. The various local unions are labor organizations representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 142 and § 185 and 29 U.S.C. § 1002(12).

7. Defendant is a signatory, or is otherwise subject to, one or more CBAs with IBEW Local Unions 2, 9, 17, 66, 71, 196, 369, 443, 702, 876, 1049, 1249 and possibly others across the United States.

8. Venue in the United States District Court for the Western District of Michigan is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as this is the district in which Defendant conducts business.

9. Upon information and belief, Defendant is in possession of copies of the subject CBAs.

10. Pursuant to the CBAs and applicable trust agreements incorporated therein, Defendant was and/or is obligated to permit the audit of its payroll and other relevant records by the Funds for the purpose of ascertaining whether Defendant is in compliance with its obligations to the Funds.

11. Defendant has failed, neglected and refused to permit an audit of its books and records by the Funds, in spite of demand therefor.

12. Pursuant to the CBAs and applicable trust agreements incorporated therein, Defendant is required to advise the Funds when it has ceased working in any particular jurisdiction (that is, submit a "stop card"), such that it is no longer obligated to submit the reports and fringe benefit contribution payments required by the subject CBA.

13. Pursuant to the CBAs and applicable trust agreements incorporated therein, Defendant was and/or is obligated to submit periodic payroll and contribution reports in connection with the required employee benefit contributions.

14. Pursuant to said CBAs and applicable trust agreements incorporated therein, Defendant was and/or is obligated to make periodic payments to the Funds, which constitute employee benefits earned by the employees of SKF Electrical who were and/or are covered by the CBAs.

15. Defendant's reporting and payment history since 2009 has been sporadic, thus making it likely that it has not met its obligations under the subject CBAs. For example, Defendant last reported and paid fringe benefit contributions in connection with Local Union 702 in May, 2011 and last reported and paid fringe benefit contributions in connection with Local

Union 1049 in September, 2010. Defendant has not filed a "stop card" for either union and, therefore, it is not known whether Defendant has actually stopped working within the jurisdictional boundaries of the subject CBA or whether it has opted to stop submitting reports and payments for covered work.

16. Absent an audit of Defendant's books and records, the Funds are not able to determine whether the company has submitted all of the required reports and payments due under the subject CBAs.

17. As a result of Defendant's failure to produce its books and records for audit by the Funds, the Funds have sustained damages in an unknown amount.

18. The Funds are entitled to review Defendant's payroll and other relevant books and records for the period of time from 2009 to the date hereof.

19. The Funds further allege that Defendant is indebted to them for unpaid fringe benefit contributions and related amounts connected to the operation of SKF Contracting, Inc. ("SKF Contracting").

20. Defendant is the alter ego and/or legal successor to SKF Contracting based on certain commonalities of ownership, management, business purpose, and operation.

21. SKF Contracting was an employer who was obligated to make periodic fringe benefit contributions to the Funds pursuant to various collective bargaining agreements with local affiliates of the IBEW.

22. SKF Contracting was formed in 2002. Its owner/officer Tina Rauch ("Rauch") testified at a judgment-debtor examination held on December 3, 2009 that the company ceased operating in February, 2008.

23. Defendant was formed April 1, 2008, according to the records of the State of Michigan.

24. In the early part of 2008, when SKF Contracting stopped operating and Defendant commenced operations, SKF Contracting was substantially delinquent in its payment obligations to the Funds.

25. Rauch owned one-half of SKF Contracting. Her mother, Sandra Kay Ferris, owned the other half of the company.

26. Rauch owns 100% of Defendant.

27. SKF Contracting is a Michigan corporation whose mailing address is P. O. Box 57, Williamsburg, Michigan 49690. Defendant's mailing address is also P. O. Box 57, Williamsburg, Michigan 49690.

28. Rauch became president of SKF Contracting in 2007; she is and has always been the president of Defendant.

29. SKF Contracting was managed by Rauch's father; Defendant is managed by Rauch's husband.

30. Defendant is an electrical contracting company that restores power lines. SKF Contracting also engaged in the business of providing power line restoration services.

31. Both Defendant and SKF Contracting are subject to the CBAs for Local Unions 2, 17, 66, 876 and 1249 located respectively in St. Louis, Missouri, Southfield, Michigan, Pasedena, Texas, Edmore, Michigan and E. Syracuse, New York. These common affiliations reveal that both companies employed electrical contracting workers throughout the United States, including in the same geographic region.

32. Defendant and SKF Contracting are substantially identical in ownership, management, business purpose and operation.

33. There is an identity and continuity of business between Defendant and SKF Contracting which warrants a finding that Defendant is the alter ego of and/or successor to SKF Contracting under applicable federal labor law.

34. On September 11, 2009, the United States District Court for the District of Maryland in Case No. 09-01156 entered judgment ("Judgment") in favor of NEBF and against SKF Contracting in the amount of $26,707.82 and in favor of NEAP and against SKF Contracting in the amount of $150,734.60.  These judgment awards consisted of unpaid fringe benefit contributions owed to Plaintiffs by SKF Contracting plus contractual liquidated damages, interest, audit fees and attorneys' fees and costs related to such delinquency.  The balance due and owing on said Judgment as of September 26, 2013 is $153,172.78 owed to the NEAP and $27,139.83 owed to the NEBF.

## COUNT I

### NEAP's Claim for Breach of Collective Bargaining Agreements

35. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 34 as though fully set forth herein.

36. Defendant is obligated under the subject CBAs to permit NEAP to audit its payroll and related records for the purpose of determining its compliance with the subject CBAs.

37. Defendant has failed, neglected and refused to permit NEAP to conduct such audit as of the date hereof.

38. Absent such audit, NEAP cannot state with certitude Defendant's compliance status in terms of its reporting and payment obligations under the subject CBAs.

39. NEAP has been damaged by Defendant's refusal to permit an audit of its books and records in an amount to be determined.

WHEREFORE, NEAP prays for judgment in its favor which:

(a) directs Defendant to produce for audit by NEAP its payroll and related books and records for the time period of 2009 to the date of the sudit;

(b) directs Defendant to submit any missing payroll reporting forms or stop cards to NEAP as required by the subject CBAs;

(c) directs Defendant to tender to NEAP any unpaid fringe benefit contributions, with interest, liquidated damages and cost of any audit;

(d) directs Defendant to specifically perform according to the fringe benefit provisions of the subject CBAs by keeping current in its monetary and other obligations thereunder;

(e) awards reasonable attorneys' fees and costs incurred by NEAP in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and,

(f) grants any other such legal and/or equitable relief that the Court deems just and proper.

## COUNT II

### NEBF's Claim for Breach of Collective Bargaining Agreements

40. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 39 as though fully set forth herein.

41. Defendant is obligated under the subject CBAs to permit NEBF to audit its payroll and related records for the purpose of determining its compliance with the subject CBAs.

42. Defendant has failed, neglected and refused to permit NEBF to conduct such audit as of the date hereof.

43. Absent such audit, NEBF cannot state with certitude Defendant's compliance status in terms of its reporting and payment obligations under the subject CBAs.

44. NEBF has been damaged by Defendant's refusal to permit an audit of its books and records in an amount to be determined.

WHEREFORE, NEBF prays for judgment in its favor which:

(a) directs Defendant to produce for audit by NEBF its payroll and related books and records for the time period of 2009 to the date of the sudit;

(b) directs Defendant to submit any missing payroll reporting forms or stop cards to NEBF as required by the subject CBAs;

(c) directs Defendant to tender to NEBF any unpaid fringe benefit contributions, with interest, liquidated damages and cost of any audit;

(d) directs Defendant to specifically perform according to the fringe benefit provisions of the subject CBAs by keeping current in its monetary and other obligations thereunder;

(e) awards reasonable attorneys' fees and costs incurred by NEBF in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and,

(f) grants any other such legal and/or equitable relief that the Court deems just and proper.

## COUNT III

### Liability under Collective Bargaining Agreements
### As Alter Ego and/or Legal Successor of SKF Contracting, Inc.

45. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46. At all times relevant to this proceeding, the substantial identity between Defendant and SKF Contracting is such that Defendant is the alter ego of and/or legal successor to SKF Contracting under relevant federal labor law.

47. As the alter ego of and/or successor to SKF Contracting, Defendant is liable for any amounts which SKF Contracting owes to Plaintiffs, specifically, but not necessarily limited to, the outstanding balance on the Judgment as of September 26, 2013 in the amount of $153,172.78 due to NEAP and $27,139.83 due to NEBF, plus statutory interest accruing thereon.

WHEREFORE, Plaintiffs pray for judgment in their favor which:

(a) adjudicates that Defendant SKF Electrical Contracting, Inc. is the successor and/or alter ego of SKF Contracting, Inc. and that it is liable for any indebtedness owed by SKF Contracting to Plaintiffs;

(b) awards judgment against Defendant and in favor of NEAP in the amount of the outstanding Judgment, $153,172.78, plus statutory interest accruing thereon;

(c) awards judgment against Defendant and in favor of NEBF in the amount of the outstanding Judgment, $27,139.83, plus statutory interest accruing thereon;

(d) awards Plaintiffs all costs, interest, and attorneys' fees and costs incurred in bringing and prosecuting this proceeding; and

(e) grants any other such legal and/or equitable relief that the Court deems just and proper.

        Respectfully submitted,

        ERMAN, TEICHER, MILLER,
        ZUCKER & FREEDMAN, P.C.

        */s/ Dianne S. Ruhlandt*
        Dianne S. Ruhlandt (P60483)
        Attorneys for Plaintiffs
        400 Galleria Officentre, Suite 444
        Southfield, MI 48034
        Phone: (248) 827-4100
        druhlandt@ermanteicher.com

Dated: September 26, 2013

F:\FUNDS\SKF Contracting\skf electrical complaint\complaint.docx